John ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-88-510-CR.

Court of Appeals of Texas, Corpus Christi.

May 25, 1989.

Rehearing Denied June 25, 1989.

Jon Muschenheim, Corpus Christi, for appellant.

Thomas Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellant was indicted for possession of methamphetamine, and after his motion to suppress was denied, he pled *nolo contendere* and was convicted for possession of the drug. The trial court assessed punishment at five years' imprisonment, probated, and a $2,500.00 fine. We affirm the judgment of the trial court.

While assigned to a narcotics task force, Deputy Sheriff Martin DeLeon received information that appellant was manufacturing methamphetamine at the Aransan Motel. Appellant and his wife operated the motel. Combining this information with that provided by another informant, DeLeon went to the assistant district attorney assigned to the task force to help him prepare an affidavit for a search and arrest warrant. The magistrate issued the warrant, and the police, led by DeLeon, executed it, searching not only the office and living quarters, but other rooms of the motel as well. John Robinson was not present at the motel during the search, but his wife, Susan, was. The warrant limited the search to places and items within the exclusive control of John Robinson. The police discovered a quantity of methamphetamine in the bathroom of the couple's office and living quarters.

The parties stipulated at trial that the warrant was based on a defective affidavit. The affidavit failed to state when the information therein contained was obtained. Appellant contests the legality of the search. The State responds that, despite the defect in the warrant, the police acted in good faith so that *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and Tex.Code Crim. Proc.Ann. art. 38.23(b) (Vernon Supp.1989) apply.

By his first two points of error, appellant contends that the court erred in denying his motion to suppress because the officers did not act in objective good faith in executing the warrant. Appellant first argues that bad faith and a lack of objective reasonableness is demonstrated in that the officers exceeded the scope of the warrant by searching the Robinsons' living quarters in John Robinson's absence.

▉ Searching the premises in appellant's absence does not indicate bad faith or lack of objective reasonableness. Tex. Code Crim.Proc.Ann. art. 18.06(b) (Vernon Supp.1989) provides the procedure by which police may search in an owner's absence. The record indicates that the police followed the procedure set forth in the statute.

Appellant also argues that bad faith is shown by the general exploratory nature of the search and by the seizure of items not on the list. Officer DeLeon testified that the type of clientele (drug dealers) that patronized the motel caused police to be cautious. They checked with the patrons of the motel to insure police safety. They searched only unoccupied rooms. No evidence was obtained through this safety check, although they did seize a carpenter's chalk line container thought to contain a powder other than chalk.[1] DeLeon further testified that the officers only searched places where the drug or the manufacturing equipment might be found. DeLeon testified that methamphetamine is easily concealed.

The evidence also showed that while they did seize a few items of evidence not in the warrant, the items were in plain view. None are of any relevance to this cause. *See Snider v. State*, 681 S.W.2d 60, 63 (Tex.Crim.App.1984); *cf. United States v. Medlin*, 842 F.2d 1194 (10th Cir.1988). Even if the seizure was improper, appellant has not demonstrated any harm resulting from the seizure. Tex.R.App.P. 81(b)(2).

Finally, appellant asserts that by giving the magistrate and appellant slightly different inventories, the police demonstrated bad faith and unreasonableness. We disagree. Ministerial violations of the search warrant statute do not taint a search absent a showing of prejudice or harm. *Gonzales v. State*, 743 S.W.2d 718, (Tex.App.—Houston [1st Dist.] 1987, no pet.). *Robles v. State*, 711 S.W.2d 752, 753 (Tex.App.—San Antonio 1986, pet. ref'd). Certainly, we do not see how the single minor difference of a carpenter's chalk line marker in the inventories indicates bad faith or lack of objective reasonableness. Appellant does not demonstrate that the irregularity in the inventories caused him prejudice or harm.

The trial court found that the search was conducted in good faith. This Court is not at liberty to disturb that finding because there is evidence in the record supporting it. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1981); *McKittrick v. State*, 541 S.W.2d 177 (Tex.Crim.App. 1976). Points of error one and two are overruled.

By his third point of error, appellant argues that the good faith exception of *Leon* applies not to prosecutors but only to police officers. In evaluating the need for a good faith exception to the exclusionary rule, the U.S. Supreme Court reasoned that punishment of police by exclusion of improperly obtained evidence does not always serve the deterrent purpose behind the rule. *Leon*, 468 U.S. at 920–21, 104 S.Ct. at 3419–20. Hence, we have the good faith exception. The *Leon* Court focused its attention on the good faith of the officer in *obtaining* the warrant and not on the state of mind of the person actually drafting the affidavit. Here, the evidence shows that Officer DeLeon obtained the warrant while acting in good faith. That it was the prosecutor whose negligence admittedly caused defect in the warrant is of no moment. We look to the police officer who obtained the warrant and decide whether he did so in good faith. We find that Deputy DeLeon did act in good faith in obtaining and executing the warrant at issue here. We overrule the third point of error and affirm the judgment of the trial court.

---

1. It was later determined by laboratory analysis that the container held no illegal substances.