Dulva P. DURIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–380–CR.

Court of Appeals of Texas,
Corpus Christi.

April 18, 1991.

Jesus L. Santos, Sinton, for appellant.

Thomas L. Bridges, Dist. Attys. Office, Sinton, for appellee.

Before NYE, C.J., and BENAVIDES and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Dulva Durio, was indicted for possession of a controlled substance and, after his motion to suppress the evidence was denied, he pleaded nolo contendere and was found guilty as charged. The trial court assessed punishment at four years' confinement, probated, and a $1,000 fine. By one point of error, appellant asserts that the trial court erred in denying his motion to suppress the evidence seized during a search of his person. We affirm.

Approximately one week before the incident in question, Officer Armando Chapa of the Aransas Pass Police Department was off duty and serving warrants. He visited the Ingleside Police station, examined the Ingleside arrest warrant list and noticed that appellant had outstanding warrants. On June 6, 1990, Chapa, while on-duty in Aransas Pass, observed appellant walking toward a local convenience store. Chapa asked his dispatcher to affirm with the Ingleside police that the warrants remained effective. The dispatcher reported that the Ingleside warrants had yet to be executed.

Chapa confronted appellant and told him that he was under arrest pursuant to the Ingleside warrants. Appellant nervously responded that he "had already taken care of them" and began to back away. Chapa noticed that appellant kept reaching into the right front pocket of his slacks. Chapa restrained appellant by pushing him against the patrol car until Officer Grumbles arrived to assist in the arrest.

The two officers discovered drug paraphernalia and a plastic packet containing a white powdery substance during their pat-down search of appellant's person. The officers arrested him on suspicion of possession of a controlled substance. This substance was later determined to be cocaine.

Appellant moved to suppress the evidence obtained during the search because, before the Chapa arrest, he served time in the Ingleside jail to atone for the offenses connected with the warrants; however, for reasons unknown, the warrants were not stricken. At the hearing on this motion, the Honorable Cheryl Deal, Municipal Court Judge for the City of Ingleside, testified that she issued two warrants for appellant's failure to pay outstanding fines for violations he committed in that jurisdiction.

Judge Deal stated that the same day of appellant's arrest, a deputy from the San Patricio County Jail informed her that the jail log indicated appellant served time in August, 1989, for the Ingleside offenses. Judge Deal checked her docket and found that it did not reflect time served; accordingly, she promptly noted appellant's atonement in the docket and recalled the arrest warrants. She stated that the warrants she issued were valid and would appear facially valid at the time Chapa made his arrest. The trial court, the Honorable Rachel Littlejohn, presiding, overruled appellant's motion to suppress the evidence which Chapa and Grumbles obtained as a result of their arrest.

■ Appellant's sole point of error asserts that the trial court must look beyond the arresting officer's good faith reliance on an outstanding warrant for appellant's arrest to determine whether there is a good faith exception to the Fourth Amendment exclusionary rule. We note that appellant does not challenge the facial validity of the warrant. When police officers act in good faith reliance on a facially valid warrant issued by a neutral magistrate and based upon probable cause, evidence they obtain will be admissible even if the warrant proves invalid. *Young v. State*, 776 S.W.2d 673, 677 (Tex.App.—Amarillo 1989, no pet.); Tex.Code Crim.Proc.Ann. art. 38.-23(b) (Vernon Supp.1991); *see United States v. Leon*, 468 U.S. 897, 918–922, 104 S.Ct. 3405, 3418–3422, 82 L.Ed.2d 677 (1984).

Appellant relies on *United States v. Rule*, 594 F.Supp. 1223, 1239 (D.Me.1984), for the proposition that, when applying the good faith exception to the exclusionary rule, official conduct must be viewed as a

whole, with an examination of the conduct of all the participating officers. Appellant's proposition, while correct, is taken out of context. The *Rule* court focussed its attention on the lack of good faith of the officer who obtained a warrant after coercing the defendant into a warrantless search of his home and using the statements and evidence seized in that search in the affidavits used to obtain the warrant. *Rule,* 594 F.Supp. at 1238–39. The *Leon* Court discussed the good faith of the officer *obtaining* a warrant, holding that when the officer's conduct in obtaining a warrant is objectively reasonable, excluding evidence will not further the purpose of the exclusionary rule. *Leon,* 104 S.Ct. at 3418–20.

■ Here, a neutral magistrate issued a valid warrant for appellant's arrest after he pleaded guilty to two municipal court offenses and failed to pay the fines assessed for those offenses. The warrants were facially valid and supported by probable cause. Chapa and Grumbles executed the Ingleside warrants relying in good faith on the representations made to them by the Ingleside Police Department. That through the negligence of the San Patricio County Jail, Judge Deal's court, the Ingleside Police Department, or a combination of the three entities the warrants were not recalled is irrelevant. Chapa and Grumbles were merely following in good faith the facially valid directive of the Ingleside Police and Judge Deal's court.

■ The purpose of the exclusionary rule is to deter unlawful police conduct by suppressing any evidence gathered when an officer engages in willful or at the very least negligent conduct which deprives a defendant of some right. *Leon,* 104 S.Ct. at 3418–19. Chapa and Grumbles acted as any reasonably well-trained officers would by relying on the information given to them regarding the effectiveness of the warrants. Because of this good faith reliance, the warrants' subsequent invalidation should not and does not undermine the evidence obtained in their execution. The evidence supports the trial court's finding that the search was conducted in good faith; thus, this court will not disturb that ruling. *See Robinson v. State,* 771 S.W.2d 710, 712 (Tex.App.—Corpus Christi 1989, pet. ref'd). The point of error is overruled.

The trial court's judgment is AFFIRMED.