**Othar Glen GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–93–00114–CR.

Court of Appeals of Texas, Texarkana.

Submitted April 19, 1994.

Decided June 30, 1994.

Barry A. Bryant, Bryant & Henry, Texarkana, for appellant.

Jack O. Herrington, County Atty., Red River County Courthouse, Clarksville, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Othar Green was convicted of the offense of possession of methamphetamine, a controlled substance, in an amount of less than twenty-eight grams with intent to deliver. Green was convicted in a trial by jury but elected to have the court assess punishment. He was sentenced to twenty-five years' confinement and a fine of $2,500.

Green contends on appeal that the trial court erred by denying his motion to suppress evidence obtained through a search under a warrant, by denying his objection to the State's use of its peremptory challenges, by allowing the introduction of specific exhibits into evidence, and by admitting evidence of extraneous acts.

Green's conviction was based upon evidence obtained during a search of his home pursuant to a search warrant. Green

contends that the trial court erred by denying his motion to suppress. He first argues that the search warrant was defective because it was not executed by a magistrate who had authority within Red River County, the county of the warrant's execution. The search warrant was signed by the Honorable Jim Thompson, Judge of the 62nd Judicial District. Red River County is not within the 62nd Judicial District. A judge of a state district court is a magistrate. TEX.CODE CRIM.PROC.ANN. art. 2.09 (Vernon Supp.1994). A search warrant is defined as a written order issued by a magistrate. TEX.CODE CRIM.PROC.ANN. art. 18.01(a) (Vernon Supp. 1994). The jurisdiction of a justice of the peace when acting as a magistrate is limited to the county in which the court sits. *Gilbert v. State*, 493 S.W.2d 783, 784 (Tex.Crim.App. 1973). We find no cases or statutes limiting a district court to endorsing search warrants only within the counties covered by that court's judicial district.[1] The district court, being a state court, has the jurisdiction provided by Article V, section 8 of the Texas Constitution. This point of error is overruled.

Green next argues that error is shown because the search warrant was not in the possession of the executing officers at the time that they searched the house. The evidence shows that it was en route from the signing judge at the time that the search of Green's residence was conducted. Thus, the officer did not provide a copy at the time of the search as required by TEX.CODE CRIM. PROC.ANN. art. 18.06(b) (Vernon Supp.1994).

■ The two objectives of the law concerning search warrants are to insure that there is adequate probable cause to search and to prevent a mistake in the execution of the warrant against an innocent third party. *Green v. State*, 799 S.W.2d 756, 757 (Tex. Crim.App.1990). These objectives are not furthered by a rigid application of the rules

concerning warrants, thus we review technical discrepancies with a judicious eye for the procedural aspects surrounding issuance and execution of the warrant. *Green*, 799 S.W.2d at 757. In accordance with this general rule, it has been held that the failure of a police officer to deliver a copy of the search warrant to the defendant does not require suppression of the seized evidence absent a showing of prejudice. *Robles v. State*, 711 S.W.2d 752, 753 (Tex.App.—San Antonio 1986, pet. ref'd). Green does not argue that the warrant was not issued before the search, nor does he suggest in this situation how the officer's failure to give him a copy of the warrant at the time of the search caused prejudice. In light of the circumstances surrounding the creation and execution of this search warrant, we find that the State's failure to provide a copy of the warrant at the time of the search is harmless error.

■ In a similar vein, Green also argues that the search warrant was not executed in accordance with Article 18.06(b). In addition to the preceding argument, Green complains that the officers did not prepare a written inventory of the property taken or legibly endorse his name on the inventory and provide that to the owner. However, during the suppression hearing, the only evidence before the court was that an inventory was prepared. No objection was made in the trial court, and therefore no error was preserved. This point of error is overruled.

■ Green next contends that the trial court erred by denying his *Batson*[2] challenge. In the present case, the appellant is a white male who objected to the State's striking of two black females from the panel. He is entitled to assert this challenge even though the struck jurors are not of the same race as the appellant. *Powers v. Ohio*, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).[3] In the present case, the trial court

---

1. Such restrictions are set out in one particular context in TEX.CODE CRIM.PROC.ANN. art. 18.20, § 3 (Vernon Supp.1994), which provides that only one district judge out of each administrative district is authorized to act on wire, oral, or electronic intercept applications for a warrant.

2. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. This version of a *Batson* challenge is not based upon the defendant's rights. Rather, it is based upon a violation of the rights of the juror to participate in the machinery of justice. The court held that racial discrimination in this context was unconstitutional as a violation of the equal protection clause of the Fourteenth Amendment.

found that the State offered race-neutral reasons for peremptorily striking the jurors. We must accept that finding unless we determine that it is clearly erroneous. *Whitsey v. State,* 796 S.W.2d 707 (Tex.Crim.App.1989) (opinion on rehearing). Under the clearly erroneous standard, we are to accept the trial court's account of the evidence if it is plausible in light of the record viewed in its entirety. Moreover, because determination of purposeful discrimination usually depends on an assessment of the credibility of the witnesses, the content of the explanation, and all other relevant surrounding facts and circumstances, the trial court's determination is entitled to great deference. *Alexander v. State,* 866 S.W.2d 1, 8 (Tex.Crim.App.1993).

Green complains about the exclusion of two black females from the panel, Peggy Gray and Marilyn Williams. At the *Batson* hearing, the State told the court that it struck Peggy Gray because there was a long history of "dealing with the Grays in Red River County as far as being involved in distribution of illegal narcotics." Although the prosecutor was not sure of her exact relationship, it is quite clear that he was certain that she was a part of an extended family that had engaged in such activities for many years in the county. The trial judge, in rendering his decision, noted that Red River County is an extremely small county and that the district attorney was familiar with the constituency of the county. Based upon those factors, he determined that the reason stated was a racially neutral reason.

The State stated that Williams was struck for two separate reasons: (1) because she had not completely filled out her juror information card, and (2) because she had three children but was not married. He stated that he believed that was sufficient to strike her because of the type of case involved. Failure to adequately fill out an information card has been held to be a race-neutral reason for striking a juror. *Catley v. State,* 763 S.W.2d 465, 467 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Under the deferential standard applied in this review, we find that the trial court did not err in finding the reasons stated to be race neutral. No error has been shown.

Green next contends that the trial court erred by allowing the introduction of trial exhibits. The exhibits consisted of a syringe, a spoon, a Copenhagen snuff can, a vial inside the can, baggies, scales, and several other items. Green argues that, in the absence of evidence that the items contained a controlled substance or a residue of a controlled substance, they should not have been admitted. Each item was obtained as a result of the search. The officers testified that they were types of items typically found in the possession of a dealer of narcotics. Thus, a showing of relevance to the prosecution has been made, as Green's possession of the items tends to make the existence of a fact in issue more probable. TEX.R.CRIM. EVID. 401.

The trial court determined that the items were relevant and stated that the objection went more to the weight of the evidence than its admissibility. The trial court has a wide discretion in determining the admissibility of evidence. Its ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Montgomery v. State,* 810 S.W.2d 372, 377 (Tex.Crim.App.1990); *McDonald v. State,* 829 S.W.2d 378, 380 (Tex. App.—Texarkana 1992, no pet.). The trial court did not err by admitting these exhibits into evidence.

Green next contends that the trial court erred by admitting Exhibit 16 because its probative value was outweighed by its prejudicial nature. This exhibit is a document prepared by the Texas Department of Public Safety laboratory listing items that the arresting officers suspected contained methamphetamines. Standing alone, this request for analysis could indeed prove to be more prejudicial than probative, since it only indicates the suspicions of the officers about the specific items. The next State's exhibit, however, is the result of the testing conducted by the laboratory on these items. It clearly reflects that only three of the exhibits contained methamphetamine. The trial judge believed that the jury was capable of examining both of these documents and understanding that, as the testimony also showed, some of the items did not contain

controlled substances. Any improper prejudice it might have caused is corrected by the following exhibit that reveals the results of the test finding only three of the items contained methamphetamine. The trial court did not abuse its discretion by admitting this exhibit into evidence.

Green also contends that the trial court erred by allowing a police officer to testify about an extraneous offense. The officer testified that he had been attempting to purchase methamphetamine from the defendant for some time and that the defendant had told him to come back later because he did not have any to sell at that particular time. This does not constitute an extraneous offense. Rather, it is one of the acts leading up to the commission of the charged offense. This evidence provides proof of intent and design. It is relevant under TEX.R.CRIM. EVID. 401 and admissible as an exception under TEX.R.CRIM.EVID. 404(b). *Rogers v. State,* 853 S.W.2d 29 (Tex.Crim.App.1993); *Mayes v. State,* 816 S.W.2d 79, 84–87 (Tex. Crim.App.1991). Thus, the trial court did not err by overruling this objection and admitting the testimony.

The judgment of the trial court is affirmed.