In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00207-CR


______________________________




DONELL WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 29170-A




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Donell Williams appeals from his conviction by a jury for possession with intent to
deliver a controlled substance. The court assessed punishment at sixty years'
imprisonment. On appeal, Williams complains that the search of his residence was
unlawful, that the court erred by failing to give a jury instruction because there was an issue
about whether the search was valid, and that the sentence was disproportionate.

 The evidence shows that police officers, in possession of a search warrant, rushed
into the house through a door opened by one of the occupants. Williams argues that the
entry was a "no-knock" entry which was not justified under the circumstances and that the
evidence seized as a result of the search should therefore have been excluded.

 There is, however, evidence to the contrary. There is testimony that, when the
police arrived, an occupant of the house saw them and opened the door and that, as the
police entered, they announced repeatedly they were police and had a search warrant. 

 At trial, the only objection made to the search was phrased as a complaint the
contraband was not admissible because the validity of the warrant had not been
established. The complaint on appeal is phrased as a complaint about the way in which
the search was carried out. Where a trial objection does not comport with the issue raised
on appeal, an appellant has preserved nothing for review. Tex. R. App. P. 33.1(a); Ibarra
v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); Dixon v. State, 2 S.W.3d 263, 273
(Tex. Crim. App. 1999). The contention is overruled.

 Williams next contends the trial court erred by failing to give an instruction to the jury
pursuant to Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2003). The statute
provides that, if raised by the evidence, the court must instruct the jury that, if it believes
(or has a reasonable doubt) the evidence was obtained in violation of the Constitution or
laws of the State of Texas or of the United States, it should disregard that evidence.

 The State takes the position there is no error in failing to give the jury instruction
because there was no request for such an instruction and because the evidence does not
raise a fact question about the legality of the State's methods in obtaining the evidence. 

 As a claim of charge error, we apply Almanza v. State, 686 S.W.2d 157, 174 (Tex.
Crim. App. 1984) (op. on reh'g). The alleged charging error is not preserved for review on
appeal. In this situation, an accused will obtain a reversal only if error exists and if it is so
egregious he or she was deprived of a fair and impartial trial. Id. at 171.

 In this case, the testimony from all sources is consistent as follows: the officers
were seen before they reached the house, and an occupant, David Shaw, opened the
door. The officers rushed in, yelling at the people inside the house to get on the floor. 
Shaw and Williams testified they never saw a search warrant, and Shaw testified he never
heard the officers say anything about having one. Williams testified that he asked to see
a warrant and that the officers refused. 

 Williams focuses his argument on the way in which the warrant was executed. 
There is no suggestion of actual inadequacy of the warrant itself or that it was improperly
obtained, only that the entry was not correctly handled by the police and therefore the
items seized as a result of the entry should have been excluded from evidence. 

 This case does not fit comfortably within the "knock and announce" analysis. Under
that analysis, unannounced entry is constitutional when police have a reasonable suspicion
that knocking and announcing their presence, under the particular circumstances, would
be dangerous, futile, or allow the destruction of evidence. Richards v. Wisconsin, 520 U.S.
385, 394 (1997). 

 In this case, the officers did not need to knock, because the door was opened for
them. All of the evidence shows they announced their authority and presence as a part
of their directions to the occupants of the house to lie down on the floor. The only conflict
in the evidence is in connection with whether the officers explicitly announced they were
entering under the authority of a search warrant or whether they refused to provide a copy
of the warrant to Williams, as required by Tex. Code Crim. Proc. Ann. art. 18.06 (Vernon
1977 & Supp. 2003). 

 Ministerial violations of the search warrant statutes do not vitiate a search warrant
in the absence of a showing of prejudice. Robles v. State, 711 S.W.2d 752, 753 (Tex.
App.-San Antonio 1986, pet. ref'd) (holding failure of police to deliver copy of search
warrant and itemized copy of return to defendant, in absence of showing of injury, reveals
no error); see State v. Tipton, 941 S.W.2d 152, 155 (Tex. App.-Corpus Christi 1996, pet.
ref'd). (1) Under similar circumstances, this Court has also found that the state's failure to
provide a copy of the warrant at the time of the search is harmless error. Green v. State,
880 S.W.2d 198, 201 (Tex. App.-Texarkana 1994, no pet.). 

 Under these circumstances, and in light of the cases cited above, we conclude that,
in the absence of any other contentions, the discrepancy in the testimony about whether
the officers stated they were entering under a warrant or immediately presented it to
Williams is not such as to affect the propriety of the search itself, or the later admissibility
of the evidence.

 Accordingly, we find it was not error for the court to fail to provide a jury instruction
pursuant to Tex. Code Crim. Proc. Ann. art. 38.23. Further, even if error does exist,
based on our review of the complete record in this case, because there is nothing in this
record which could support a conclusion the evidence was inadmissible, we see no
indication of harm, egregious or otherwise, that might result from that failure. 

 Williams finally contends his sixty-year sentence is disproportionate to the offense. 
The range of punishment for this offense, a first degree felony, is five to ninety-nine years
or life imprisonment. Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003). 

 The sentence imposed by the trial court is within the statutory range applicable to
this offense. Texas courts have traditionally held that, as long as the punishment is within
the range prescribed by the Legislature in a valid statute, the punishment is not excessive,
cruel, or unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
However, in Jackson v. State, 989 S.W.2d 842 (Tex. App.-Texarkana 1999, no pet.), we
recognized that a prohibition against grossly disproportionate punishment does survive
under the Eighth Amendment to the United States Constitution apart from any
consideration of whether the punishment assessed is within the range established by the
Legislature. A court's proportionality analysis under the Eighth Amendment should be
guided by 1) the gravity of the offense and the harshness of the penalty; 2) the sentences
imposed on other criminals in the same jurisdiction; and 3) the sentences imposed for
commission of the same crime in other jurisdictions. Solem v. Helm, 463 U.S. 277 (1983). 
Only if we infer the sentence is grossly disproportionate to the offense will we then consider
the remaining factors of the Solem test and compare the sentence received to sentences
for similar crimes in the same jurisdiction and to sentences for the same crime in other
jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also Davis v.
State, 905 S.W.2d 655, 664-65 (Tex. App.-Texarkana 1995, pet. ref'd). We initially make
a threshold comparison of the gravity of the offense against the severity of the sentence
and then ask whether the sentence is grossly disproportionate to the offense. Only if we
find such a gross disproportionality do we then compare this sentence to sentences
imposed for similar crimes in this and other jurisdictions. Alberto v. State, 100 S.W.3d 528,
530 (Tex. App.-Texarkana 2003, no pet.); Latham v. State, 20 S.W.3d 63, 69 (Tex.
App.-Texarkana 2000, pet. ref'd); Jackson, 989 S.W.2d at 846.

 In this case, however, it appears Williams did not present this issue to the trial court; 
therefore, he did not preserve it for our review. See Tex. R. App. P. 33.1(a); Alberto, 100
S.W.3d at 530; Jackson, 989 S.W.2d at 844. Even if Williams' contention had been
preserved for review, there is no evidence in the record comparing the sentences imposed
on persons in Texas with sentences imposed against defendants in other jurisdictions who
committed a similar offense. See Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.-Texarkana 2002, pet. ref'd); Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664-65.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: September 17, 2003

Date Decided: September 18, 2003


Do Not Publish


1. The Texas Court of Criminal Appeals concluded that to do otherwise would defeat
the purpose behind the warrant requirement and provide protection for those to whom the
issue on appeal is not one based on the substantive issue of probable cause but of
technical default by the state. Green v. State, 799 S.W.2d 756, 757-58 (Tex. Crim. App.
1990).


l condition of the accused indicated recent consumption of the contraband in
question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused
attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special
connection to the contraband; (14) the occupants of the premises gave conflicting
statements about relevant matters; (15) the accused made incriminating statements
connecting himself or herself to the contraband; (16) the quantity of the contraband; and
(17) the accused was observed in a suspicious area under suspicious circumstances. 
Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex. App.--Corpus Christi 2002, no pet.); Kyte
v. State, 944 S.W.2d 29, 31-32 (Tex. App.--Texarkana 1997, no pet.).