In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00208-CR


______________________________




FELIPE RUBIO GASPAR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 22480




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Felipe Rubio Gaspar appeals. We have received a motion from counsel asking us to extend
the time for filing his notice of appeal. He states that Gaspar was convicted June 12, 2008, that a
motion for new trial and arrest of judgment was filed, and that appellate counsel was appointed. 
Counsel states that he asked the district clerk whether a notice of appeal had been filed and was told
that it had been. However, on October 15, 2008, counsel discovered that no notice of appeal had
been filed, and he filed a notice of appeal October 16, 2008.

 With conviction and sentencing occurring June 12, 2008, and with a motion for new trial
being timely filed, the notice of appeal was due to be filed no more than ninety days later, on
September 10, 2008. The rule also provides a fifteen-day grace period, which expired September 25,
2008. See Tex. R. App. P. 26.2. The information before this Court reflects that no notice of appeal
or motion to extend time was filed until over twenty days after the expiration of the grace period. 

 Our jurisdiction over an appeal is circumscribed by statute and rule, and we are not permitted
to engage in actions that will enlarge that jurisdiction. Without a timely filed notice of appeal, this
Court is without jurisdiction. Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App. 1993); see Slaton
v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). Further, courts of appeals may not employ Rule 2
of the Texas Rules of Appellate Procedure to suspend appellate time limits and thus expand our
jurisdiction. Garza v. State, 896 S.W.2d 192 (Tex. Crim. App. 1995); see Tex. R. App. P. 2.

 Therefore, based on the information before us, we must conclude the notice of appeal is
untimely. (1)

 We dismiss the appeal for want of jurisdiction.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 22, 2008

Date Decided: October 23, 2008


Do Not Publish



 
1. We are relying on counsel's statements concerning the timing of the events giving rise to the
notice of appeal. The relief sought must be granted by the Texas Court of Criminal Appeals.



the "knock and announce" analysis. Under
that analysis, unannounced entry is constitutional when police have a reasonable suspicion
that knocking and announcing their presence, under the particular circumstances, would
be dangerous, futile, or allow the destruction of evidence. Richards v. Wisconsin, 520 U.S.
385, 394 (1997). 

 In this case, the officers did not need to knock, because the door was opened for
them. All of the evidence shows they announced their authority and presence as a part
of their directions to the occupants of the house to lie down on the floor. The only conflict
in the evidence is in connection with whether the officers explicitly announced they were
entering under the authority of a search warrant or whether they refused to provide a copy
of the warrant to Williams, as required by Tex. Code Crim. Proc. Ann. art. 18.06 (Vernon
1977 & Supp. 2003). 

 Ministerial violations of the search warrant statutes do not vitiate a search warrant
in the absence of a showing of prejudice. Robles v. State, 711 S.W.2d 752, 753 (Tex.
App.-San Antonio 1986, pet. ref'd) (holding failure of police to deliver copy of search
warrant and itemized copy of return to defendant, in absence of showing of injury, reveals
no error); see State v. Tipton, 941 S.W.2d 152, 155 (Tex. App.-Corpus Christi 1996, pet.
ref'd). (1) Under similar circumstances, this Court has also found that the state's failure to
provide a copy of the warrant at the time of the search is harmless error. Green v. State,
880 S.W.2d 198, 201 (Tex. App.-Texarkana 1994, no pet.). 

 Under these circumstances, and in light of the cases cited above, we conclude that,
in the absence of any other contentions, the discrepancy in the testimony about whether
the officers stated they were entering under a warrant or immediately presented it to
Williams is not such as to affect the propriety of the search itself, or the later admissibility
of the evidence.

 Accordingly, we find it was not error for the court to fail to provide a jury instruction
pursuant to Tex. Code Crim. Proc. Ann. art. 38.23. Further, even if error does exist,
based on our review of the complete record in this case, because there is nothing in this
record which could support a conclusion the evidence was inadmissible, we see no
indication of harm, egregious or otherwise, that might result from that failure. 

 Williams finally contends his sixty-year sentence is disproportionate to the offense. 
The range of punishment for this offense, a first degree felony, is five to ninety-nine years
or life imprisonment. Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003). 

 The sentence imposed by the trial court is within the statutory range applicable to
this offense. Texas courts have traditionally held that, as long as the punishment is within
the range prescribed by the Legislature in a valid statute, the punishment is not excessive,
cruel, or unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). 
However, in Jackson v. State, 989 S.W.2d 842 (Tex. App.-Texarkana 1999, no pet.), we
recognized that a prohibition against grossly disproportionate punishment does survive
under the Eighth Amendment to the United States Constitution apart from any
consideration of whether the punishment assessed is within the range established by the
Legislature. A court's proportionality analysis under the Eighth Amendment should be
guided by 1) the gravity of the offense and the harshness of the penalty; 2) the sentences
imposed on other criminals in the same jurisdiction; and 3) the sentences imposed for
commission of the same crime in other jurisdictions. Solem v. Helm, 463 U.S. 277 (1983). 
Only if we infer the sentence is grossly disproportionate to the offense will we then consider
the remaining factors of the Solem test and compare the sentence received to sentences
for similar crimes in the same jurisdiction and to sentences for the same crime in other
jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); see also Davis v.
State, 905 S.W.2d 655, 664-65 (Tex. App.-Texarkana 1995, pet. ref'd). We initially make
a threshold comparison of the gravity of the offense against the severity of the sentence
and then ask whether the sentence is grossly disproportionate to the offense. Only if we
find such a gross disproportionality do we then compare this sentence to sentences
imposed for similar crimes in this and other jurisdictions. Alberto v. State, 100 S.W.3d 528,
530 (Tex. App.-Texarkana 2003, no pet.); Latham v. State, 20 S.W.3d 63, 69 (Tex.
App.-Texarkana 2000, pet. ref'd); Jackson, 989 S.W.2d at 846.

 In this case, however, it appears Williams did not present this issue to the trial court; 
therefore, he did not preserve it for our review. See Tex. R. App. P. 33.1(a); Alberto, 100
S.W.3d at 530; Jackson, 989 S.W.2d at 844. Even if Williams' contention had been
preserved for review, there is no evidence in the record comparing the sentences imposed
on persons in Texas with sentences imposed against defendants in other jurisdictions who
committed a similar offense. See Fluellen v. State, 71 S.W.3d 870, 873 (Tex.
App.-Texarkana 2002, pet. ref'd); Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664-65.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: September 17, 2003

Date Decided: September 18, 2003


Do Not Publish


1. The Texas Court of Criminal Appeals concluded that to do otherwise would defeat
the purpose behind the warrant requirement and provide protection for those to whom the
issue on appeal is not one based on the substantive issue of probable cause but of
technical default by the state. Green v. State, 799 S.W.2d 756, 757-58 (Tex. Crim. App.
1990).