**Reverse and Remand; Opinion Filed March 26, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00427-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**SANTORIES C. STANTON, Appellee**

**On Appeal from the County Criminal Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. M1814013**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Appellee Santories C. Stanton was charged via complaint and information with driving while intoxicated (DWI) with a blood–alcohol level of 0.15 or more. *See* TEX. PENAL CODE ANN. § 49.04(a), (d). Appellee moved to suppress the results of the State's analysis of his blood. The trial court granted appellee's motion and ordered the results of the blood analysis excluded. The State appeals that decision. We reverse the trial court's order suppressing the results of appellee's blood analysis and remand the case for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On September 27, 2018, appellee drove his car into a ditch after hitting a fire hydrant. Police officers arrived at the scene after concerned citizens reported the incident. Upon arriving, the officers noticed appellee's eyes were bloodshot, his speech was slurred and that he could not stand on his own. Appellee failed several standardized field sobriety tests and was placed under arrest for suspicion of driving while intoxicated.

Appellee refused to submit a blood specimen, so the arresting officer, Tony Saysanasongkham, executed an affidavit for search warrant to obtain a blood specimen from appellant. The magistrate issued a search warrant that provided in part:

> WHEREAS an affidavit in writing, under oath, has been presented to me by Tony Saysanasongkham [affiant], which said affidavit is attached hereto and expressly incorporated herein and made a part hereof, and said affidavit and the attachments thereto having stated facts and information in my opinion sufficient to establish probable cause for issuance of this warrant for seizure of BLOOD from the person of SANTORIES C. STANTON [defendant] described in the affidavit for issuance of this warrant and that SANTORIES C. STANTON [defendant] committed the offense of Driving While Intoxicated [Penal Code] 49.04.

> YOU ARE THEREFORE, COMMANDED to forthwith seize the person of the said SANTORIES C. STANTON [defendant], taking of blood from the human body and the said physician, registered nurse, qualified technician or medical laboratory technician shall take samples of the BLOOD from the person of the said SANTORIES C. STANTON [defendant] in the presence of a law enforcement officer and deliver the said samples to the said law enforcement officer.

The warrant issued on September 27, 2018 at 7:53 p.m. and, in accordance with article 18.07(a)(3) of the code of criminal procedure, was to be executed within three days of its issuance.[1] The blood specimen was timely drawn and subsequently submitted to Southwestern Institution of Forensic Science crime lab for analysis. The crime lab tested the blood to determine its alcohol concentration. The lab issued an Alcohol Content Laboratory Report dated January 4, 2019, showing appellee's blood had an alcohol concentration of 0.393 grams of alcohol per 100 milliliters of blood. Appellee was charged with DWI with a blood–alcohol concentration greater than 0.15.

Appellee sought to suppress the results of the blood analysis. Appellee urged the search warrant only allowed the State to seize his blood and that it did not allow the State to then analyze the blood. Appellee further urged that, if a separate warrant was not required to test his blood, the blood–analysis results should still be suppressed because his blood was not analyzed within the warrant's execution period. At the suppression hearing, the State secured admission of the following evidence: the probable cause affidavit for the arrest, the lab report with the blood test results, the search warrant affidavit, the search warrant, the return and inventory sheet, and the DIC-24 form on which appellee had refused to consent to the blood

---

[1] Article 18.07 is titled "Days allowed for warrant to run" and gives the officer three days for the execution of most search warrants, excluding the date of issuance and the date of execution. *See* TEX. CODE CRIM. PROC. ANN. art. 18.07(a)(3).

draw. At the conclusion of the hearing, the trial court judge orally granted appellee's motion to suppress stating the search warrant was not valid because the return and inventory sheet did not state the date and time upon which the warrant was executed. Her subsequent written order granting the motion does not state the grounds upon which the motion was granted.

The State filed a motion to reconsider. The trial court did not reconsider its ruling, and this appeal followed.

## DISCUSSION

### I. Standard of Review

In a single issue, the State urges the trial court erred by granting the motion to suppress. We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Staton*, 599 S.W.3d 614, 616 (Tex. App.—Dallas 2020, pet. ref'd) (citing *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)). We give almost total deference to the trial court's determination of historical facts and review *de novo* the application of the law to the facts. *Id.* We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case. *Id.*

### II. The Search Warrant the State Obtained Permitted the Testing and Analysis of Appellee's Blood

The Texas Court of Criminal Appeals recently issued an opinion in which it considered facts similar to those before us now. *See Crider v. State*, 607 S.W.3d

–4–

305 (Tex. Crim. App. 2020). In that case, the court stated: "Here, the State obtained the blood sample by way of a magistrate's determination that probable cause existed to justify its seizure—for the explicit purpose of determining its evidentiary value to prove the offense of driving while intoxicated. That magistrate's determination was sufficient in this case to justify the chemical testing of the blood. And this is so, we hold, even if the warrant itself did not expressly authorize the chemical testing on its face." *Id.* at 308.

Here as in *Crider*, the magistrate's determination that probable cause existed to justify the seizure of the blood sample from appellee was also, by its own account, sufficient to justify the chemical testing of the blood seized. *See id.*; *see also State v. Jones*, 608 S.W.3d 262, 264 (Tex. App.—Dallas 2020, pet. ref'd) (concluding *State v. Martinez* did not apply to blood draw pursuant to warrant "because it dealt with a different question—i.e., whether 'an individual has an expectation of privacy in blood previously drawn for purposes other than police testing,'" quoting *Staton*, 599 S.W.3d at 618). Thus, an additional warrant expressly authorizing the testing of the blood seized was not required and could not serve as a basis for suppressing the blood-analysis results.

### III. The Blood-Alcohol Analysis Need not be Performed within the Period Specified for Execution of the Warrant

After the trial court issued its order and the State filed this appeal, this Court considered and rejected the argument that article 18.07 of the code of criminal

procedure governs the time for testing blood as well as the time for seizing it. In *State v. Jones*, we explained:

> [Article 18.07] merely provides the deadlines for seizing the evidence, not analyzing it. It specifies that with certain exceptions not applicable here, a warrant must be *executed* within three days of its issuance, exclusive of the day of issuance and the day of execution . . . . The execution of the warrant is the blood draw, not the testing and/or analysis of that blood. Our opinion in *Staton* says nothing about imposing a deadline for the testing and/or analysis of blood, much less applying the statutory deadline of article 18.07(a)(3) to the testing and/or analysis of the blood, and we decline Jones's invitation to create new law on this subject.

608 S.W.3d at 264–65 (citing *Staton*, 599 S.W.3d at 618). Thus, appellee's argument that the results of the analysis were illegally obtained because the analysis occurred outside of the warrant's execution period was not a theory of law on which the trial court could grant his motion.

## IV. A Lack of Return is not a Legal Basis upon which the Court May Suppress the Blood–Alcohol Analysis

Article 18.10 of the code of criminal procedure governs the officer's return of the search warrant to the issuing magistrate and possession of the seized property. TEX. CODE CRIM. PROC. ANN. art. 18.10. It provides:

> Not later than three whole days after executing a search warrant, the officer shall return the search warrant. Upon returning the search warrant, the officer shall state on the back of the same, or on some paper attached to it, the manner in which the warrant has been executed. The officer shall also deliver to the magistrate a copy of the inventory of the property taken into his possession under the warrant.

> The failure of an officer to make a timely return of an executed search warrant or to submit an inventory of the property taken into the officer's

–6–

possession under the warrant *does not bar the admission of evidence under Article 38.23*.

The officer who seized the property shall retain custody of it until the magistrate issues an order directing the manner of safekeeping the property. The property may not be removed from the county in which it was seized without an order approving the removal, issued by a magistrate in the county in which the warrant was issued; provided, however, nothing herein shall prevent the officer, or his department, from forwarding any item or items seized to a laboratory for scientific analysis.

*Id.* (emphasis added).[2]

Although the requirements set forth in this provision of the code of criminal procedure appears to be mandatory, courts have consistently held that ministerial violations of the search warrant statutes do not vitiate the search warrant in the absence of a showing of prejudice. *Pecina v. State*, 516 S.W.2d 401, 404 (Tex. Crim. App. 1974); *State v. Tipton*, 941 S.W.2d 152, 155 (Tex. App—Corpus Christi–Edinburg 1996, pet. ref'd); *Turner v. State*, 886 S.W.2d 859, 864–65 (Tex.

---

[2] Article 38.23 provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

TEX. CODE CRIM. PROC. ANN. art. 38.23.

App.—Beaumont 1994, pet. ref'd); *Green v. State*, 880 S.W.2d 198, 201 (Tex. App.—Texarkana 1994, no pet.); *Robinson v. State*, 771 S.W.2d 710, 712 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd).

The two objectives of the law concerning search warrants are to ensure that there is probable cause to conduct the search and to prevent a mistake in the execution of the warrant against a third party. *Green v. State*, 799 S.W.2d 756, 757 (Tex. Crim. App. 1990); *Green*, 880 S.W.2d at 201. These objectives are not furthered by a rigid application of the rules concerning warrants, so we review technical discrepancies with a judicious eye for the execution of the warrant. *Green*, 799 S.W.2d at 757.

In accordance with this general rule, courts have held that the failure of a police officer to timely deliver a return to the magistrate after the search and seizure does not justify suppression of the seized evidence absent a showing of prejudice. *Pecina*, 516 S.W.2d at 404; *Gonzales v. State*, 743 S.W.2d 718, 720 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd); *Joshua v. State*, 696 S.W.2d 451, 457 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd); *Rios v. State*, 623 S.W.2d 496, 499 (Tex. App.—Corpus Christi–Edinburg 1981, pet. ref'd). Appellee has not shown how he might have been prejudiced by the officer's alleged failure to give the return to the magistrate.

Moreover, as a post-execution statutory requirement, article 18.10 can trigger only the statutory exclusionary rule—article 38.23. Article 38.23, by its plain

language, excepts from its operation an officer's failure to make a timely return of an executed search warrant or to submit an inventory of the property taken into the officer's possession under the warrant. TEX. CODE CRIM. PROC. ANN. art. 38.23. Thus, the lack of a return is not a theory of law on which the trial court could grant appellee's motion.

We sustain the State's sole issue.

## CONCLUSION

We conclude the trial court erred in granting appellee's motion to suppress. We therefore reverse the trial court's order granting appellee's motion to suppress and remand for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
200427F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-20-00427-CR     V.

SANTORIES C. STANTON, Appellee

On Appeal from the County Criminal Court No. 4, Dallas County, Texas Trial Court Cause No. M1814013. Opinion delivered by Justice Schenck. Justices Smith and Garcia participating.

Based on the Court's opinion of this date, the order of the trial court granting Santories C. Stanton's motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 26th day of March, 2021.