**Gary Lyn FAULKNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51677.**

Court of Criminal Appeals of Texas.

June 9, 1976.

Rehearing Denied June 30, 1976.

Sam J. Chase, Abilene, for appellant.

Ed Paynter, Dist. Atty., and Don R. Wilson, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a misdemeanor conviction for possession of marihuana. The appellant waived his right to a jury trial and the court found him guilty and assessed punishment at one hundred eighty (180) days in the Taylor County jail and a fine of two hundred fifty and no/100 ($250.00) dollars. The imposition of the jail punishment was suspended and appellant was placed on probation.

The sufficiency of the evidence is not challenged. By his sole ground of error appellant attacks the validity of the search warrant.

The affidavit and warrant read as follows:

"SEARCH AND ARREST WARRANT
"STATE OF TEXAS
"COUNTY OF ABILENE (sic)

"THE STATE OF TEXAS to the Sheriff or any Peace Officer of Abilene, Taylor County, Texas, or any Peace Officer of the State of Texas, GREETINGS:

"Whereas, the affiant whose name appear (sic) on the affidavit attached hereto is a Peace Officer under the laws of Texas, and do heretofore this day subscribe and swear to said affidavit before me (which said affidavit is here now made part hereof for all purposes), and whereas I find that the verified facts stated by the affiant in said affidavit show that the affiant has probable cause for the belief that he expresses therein and establish existence of proper grounds for issuance of this warrant; now, therefore, you are commanded to enter the suspected place described in said affidavit and to seize same and bring it before me and to arrest and bring before me each suspected party named in said affidavit;

"Herein fail not, but have you then and there this warrant within three days, exclusive of the day of its issuance and exclusive of the day of its execution, with your return thereon, showing how you executed the same.

"Witness my signature and issued on this the 6th day of December A.D., 1974, at 3:40 a. m.

/s/ Donald H. Lane 42nd District Court Taylor County, Texas"

"COMPLAINT—AFFIDAVIT FOR SEARCH WARRANT FOR A CONTROLLED SUBSTANCE

"THE STATE OF TEXAS
COUNTY OF TAYLOR

"John R. Perry, do solemnly swear that heretofore, on or about the 6th day of December A.D. 1974, in the Abilene, Taylor County, Texas, one Gary Faulkner and Hilton Puckett and person or persons unknown to the affiant either by name or description but being located on said premises: hereafter referred to as 'Suspected Party' for purposes of this affidavit and search warrant did then and there unlawfully possess and does at this time unlawfully possess a substance prohibited by the Controlled Substance Act of the State of Texas, to-wit: marijuana in a residence and curtilage being described as brown brick apartment complex, trimmed in white and having dark brown shingle type roof with front door of said apartment being on the West side of the building located at 2408 Buffalo Gap Road, apartment # 117 of the Three Fountains Apartments in Abilene, Taylor County, Texas, which said apartment # 117 (residence) is possessed, occupied, under the control and charge of above mentioned 'Suspected Party'

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"That the affiant has received information from a credible, reliable and trustworthy person who the affiant does not wish to name for security reasons.

"That the affiant has personally known this informant for a period of at least six (6) months. That during this period of time, this same informant has supplied the affiant with information on numerous occasions concerning violations of Texas Controlled Substance Act. That upon checking this same informants information the affiant has proven the information to be correct and reliable.

"That within the last month this same informant has supplied information that has enabled the affiant to arrest four (4) narcotic dealers plus the seizure of a large quantity of marijuana.

"That this same informant has personally been in the above described apartment within the last eighteen (18) hours and at this time observed the above named 'Suspected Parties' using marijuana in the form of hand-rolled marijuana cigarettes.

"That the marijuana being used was taken from a clear plastic baggie that was lying on a large brown coffee table that was located in front of the couch in the living room.

"That after receiving this information the affaint (sic) checked with Orin Rake, Security Guard at the Three Fountains Apartments. Mr. Rake advised the affi-

ant that Gary Faulkner moved into Apartment # 117 on October 1, 1974. That Gary Faulkner is known by the affiant to be a drug user and a drug dealer. "Wherefore, I ask that a warrant to search for and seize the said controlled substance at the above described premises be issued in accordance with the law in such cases provided.

/s/ John R. Perry

"Sworn to and subscribed before me by John R. Perry on this the 6th day of December A.D. 1974.

/s/ Donald H. Lane
Magistrate"

■ It is apparent from an examination of the warrant and the affidavit that they are both forms used by the Abilene Police Department. The warrant contains a number of grammatical errors which are practically inevitable in the use of forms. We previously condemned the practice of using form affidavits in *Brown v. State,* 437 S.W.2d 828 (Tex.Cr.App.1968), cert. denied, 383 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782. This condemnation applies equally to the use of a form warrant.

■ The appellant contends that the warrant fails to describe what is to be seized as required by Art. 18.04 Tex.Code Crim.Proc.Ann. (Supp.1975). The warrant contains the command " . . . to enter the suspected place described in said affidavit and seize same and bring it before me and to arrest and bring before me each suspected party named in said affidavit." Appellant interprets this phrase as a command to enter the premises and seize the premises. Grammatically, the phrase does indeed order the seizure of the premises rather than an object in the premises. However, in interpreting affidavits and search warrants, magistrates and courts must do so in a common sense and realistic fashion and avoid hypertechnical analysis. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Powell v. State,* 505 S.W.2d 585 (Tex.Cr.App.1974).

■ The warrant incorporates the affidavit by reference and the two documents were stapled together, making the affidavit part of the warrant. *Phenix v. State,* 488 S.W.2d 759 (Tex.Cr.App.1973); *Chambers v. State,* 508 S.W.2d 348 (Tex.Cr.App.1974). The affidavit states that the appellant was in possession of marihuana and that he lived at 2408 Buffalo Gap Road, Apartment # 117 of the Three Fountains Apartments in Abilene. It recites that the informant had seen the marihuana in one plastic baggie on the coffee table in the apartment.

The warrant commands a search of the suspected premises, which common sense tells us is the apartment described in the affidavit. Common sense also tells us that when the warrant orders the officer "to seize same" it is ordering the seizure of the contraband which formed the basis of the affidavit; that is, the marihuana.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.