Frank **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–86–865–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1987.

Discretionary Review Refused March 30, 1988.

James W. Locke, Bryan, for appellant.

William R. Turner, Todd Jermstad, Bryan, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to possession of cocaine, found he had previously been convicted of a felony and assessed punishment at confinement for 50 years and a fine of $1,000. Issues on appeal concern the validity of the search warrant and the sufficiency of the evidence. We affirm.

In his first point of error appellant contends the court erred in failing to suppress evidence seized "under color of a search warrant." Appellant argues that since the search warrant contained no identification of the place to be searched or the items searched for, it did not contain the requisites of a warrant as required by Tex.Crim. Proc.Code Ann. art. 18.04 (Vernon 1977), and the search was, in effect, a warrantless search.

Article 18.04 requires a search warrant to describe "the person, place, or thing to be searched" and to identify "that which is to be seized". Photocopies of the affidavit for the search warrant, the search warrant and the return are in the record before us. Each of the documents is a pre-printed form which is completed, respectively, by the affiant, the magistrate and the officer executing the warrant. The search warrant is identical, in all material respects, to the search warrant before the court in *Faulkner v. State*, 537 S.W.2d 742 (Tex. Crim.App.1976). There, as here, the search warrant did not contain the address of the premises to be searched; it did not name the person alleged to be in charge of the premises; and it did not describe the items or property to be searched for and seized. There, as here, the search warrant expressly incorporated "the attached affidavit—for all purposes." In holding that search warrant to be valid, the court of criminal appeals stated:

The affidavit states that the appellant was in possession of marihuana and that he lived at 2408 Buffalo Gap Road, Apartment # 117 of the Three Fountains Apartments in Abilene. It recites that the informant had seen the marihuana in one plastic baggie on the coffee table in the apartment.

The warrant commands a search of the suspected premises, which common sense tells us is the apartment described in the affidavit. Common sense also tells us that when the warrant orders the officer

"to seize same" it is ordering the seizure of the contraband which formed the basis of the affidavit; that is, the marihuana. *Faulkner*, 537 S.W.2d at 744. In the case before us, the affidavit describes the house to be searched as:

> a single story, white wood frame house with brown wood trim, located at 1012 # 2 Baker Street, Bryan, Texas. This residence is located behind a blue wood frame house with white trim, which is 1012 Baker Street, Bryan, Texas. The numerals "1012" are affixed to the Blue house, which is not involved. To reach the suspected place, a private driveway runs past the blue house on the north side, to the suspected place. Further description is on the west side of the suspected place, is large metal doors, covering most of the house. Located on the west side of the house, is a purple antique car. This search is to include any vehicles, places and outbuildings located on the curtilage. Gonzales drives a 1972 white over blue Dodge bearing Texas license # 166–APS.

It alleged the person in charge to be "Frank Gonzales and a spanish male known only as Pedro" and it described the property to be searched for as cocaine. Obviously, here, as in *Faulkner*, we may look to the affidavit and the description contained therein to aid the description found in the warrant. *Phenix v. State*, 488 S.W.2d 759, 764 (Tex.Crim.App.1972).

■ However, the fact present in this case that was absent in the *Faulkner* case is that the affidavit was not attached to the search warrant which was exhibited to appellant when it was executed. At the hearing on the motion to suppress, the prosecutor stipulated that "at the time of Mr. Gonzales' arrest he was either shown or given a copy of the search warrant which did not have attached to it the affidavit which was submitted for the search warrant." The evidence does not show, however, that the officers were not in possession of a copy of the affidavit.

Tex.Crim.Proc.Code Ann. art 18.06(b) (Vernon Supp.1986) requires that a copy of the *warrant* and a copy of the *written inventory* of the property taken be given to the owner or the person in possession of the place searched. It does not require a copy of the affidavit for the warrant to be provided. The court of criminal appeals has consistently held that the failure of the searching officer to file a return of the warrant with the issuing magistrate showing what items were recovered, as mandated by Tex.Crim.Proc.Code Ann. art. 18.10 (Vernon Supp.1986), does not vitiate a search warrant in the absence of a showing of prejudice. *Pecina v. State*, 516 S.W.2d 401, 404 (Tex.Crim.App.1974). Using this same reasoning that ministerial violations of the search warrant statute do not vitiate an otherwise valid search, the San Antonio court of appeals held in *Robles v. State*, 711 S.W.2d 752, 753 (Tex.App.—San Antonio 1986, pet. ref'd) that failure to deliver a copy of the search warrant to any person on the searched premises was not fatal. *See also Jones v. State*, 568 S.W.2d 847, 858 (Tex.Crim.App.1978). We therefore hold that in the absence of a showing of some prejudice or harm, the failure of the officers in this case to provide appellant with a copy of the affidavit for the search warrant did not render the search invalid. Appellant cannot show that the failure to provide him with a copy of the affidavit harmed him in any way. While appellant did oppose the introduction of the complained of evidence at the hearing on his motion to suppress, throughout the trial appellant's trial attorney repeatedly asserted that he had "no objection" to the actual admission of the evidence by the State. Appellant's attorney did object to the admission of some of the evidence on relevancy grounds only. It is true that "when a pre-trial motion to suppress evidence is overruled, the accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. However, when the accused affirmatively asserts during trial he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim.App.1985) (citations omitted). Appellant's first point of error is overruled.

In his second point of error appellant contends the evidence is insufficient to show that he was in possession of the contraband.

We summarize the following pertinent facts from a record which is very difficult to follow. Appellant had rented the house or apartment in question in either January or February, 1986, and only he paid the rent thereon. Gabriel Bazone was with appellant when he rented the house, and apparently lived there for some time. Tony Hernandez evidently moved into the house for a short period of time but apparently moved out in February. While the record is far from clear, it appears there were two bedrooms, or at least the living room substituted for a bedroom. On March 31, 1986, three DPS narcotics agents had the house under surveillance while a fourth agent secured the search warrant discussed above. Appellant and two females were observed leaving appellant's house in appellant's automobile. The three agents followed them to the Hide–A–Way Club. Shortly after the other DPS officer had obtained the warrant, appellant, while still seated in the automobile with the two females, was arrested and returned to his house. The officers unlocked the house with a key secured from appellant.

From the bedroom the officers recovered the following: (1) a cardboard box from under the bed containing a small amount of marijuana, some plastic bags with cut-off corners and the registration certificate to appellant's automobile in which he was arrested; (2) a photograph of appellant's automobile, a syringe, and two bags, one containing .41 grams of cocaine, and the other containing traces of cocaine, from one dresser; (3) on top of another dresser was a set of Ohaus triple beam scales containing some brown powder and in one of the drawers was a plastic bag containing .48 grams of cocaine; and (4) on top of a foot stool by the bed was an electronic scale and from under the stool they recovered 54.75 grams of cocaine. From the kitchen area the officers recovered (1) a small amount of loose brown powder, (2) a box of cotton balls, (3) a box of tin foil, (4) two Ohaus scale weights and (5) a white bowl containing a syringe. From the bath-room they recovered a metal tray containing some loose brown powder and "a tube that appeared to be a snorting tube." Expert evidence was presented to the jury explaining the significance of each of the items recovered.

While appellant acknowledges that "possession need not be exclusive to a Defendant to prove his guilt", he argues the evidence in this record is insufficient to show he was in possession of the cocaine. To support this argument, appellant points out that (1) he was not even near the cocaine when he was arrested, (2) the house was unobserved from the time he left until the officers returned him following his arrest at the Hide–A–Way Club, (3) there was no evidence "presented as to the time the cocaine entered the apartment," and (4) two other people lived in the apartment with him. Appellant contends the facts of this case closely parallel those in *Williams v. State*, 498 S.W.2d 340 (Tex.Crim.App.1973) and mandate a reversal. We do not agree. There five people were present, and apparently living, in the house trailer in question. Two packages of heroin (lying on top of a dressing table) and a marijuana cigarette (in a trash can) were found in one of the bedrooms, but there was no evidence connecting appellant to the bedroom or even the trailer except for the fact the utilities were registered in his name.

While there was evidence in this case suggesting another person may have been staying at the house, he was not present at the time. The fact that evidence of drug activity was found throughout the house—in the bedroom, the kitchen and the bathroom, distinguishes this case from *Williams*. Further, the officers recovered items belonging to appellant from the bedroom where the cocaine was found. We find the evidence sufficient to show appellant was in possession of the drugs in question. Appellant's second point of error is overruled.

The judgment is affirmed.