**The STATE of Texas, Appellant,**

v.

**Deborah Faye TIPTON, Appellee.**

**No. 13–95–458–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 15, 1996.

Discretionary Review Refused Jan. 29, 1997.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellee, Deborah Faye Tipton, was indicted for possession of heroin which was found in her apartment after law enforcement officers executed a search and arrest warrant. Appellee moved to suppress the items taken from her apartment on the ground that the warrant authorizing the search was invalid. The trial court granted the motion. By a single point of error, the State complains that the trial court erred in granting the motion to suppress. We reverse and remand.

On June 20, 1995, law enforcement officers executed a search and arrest warrant at appellee's apartment. The warrant was obtained as a result of information received from a confidential informant that heroin was being sold from appellee's apartment. Copies of the warrant, the affidavit, and the return and inventory are in the record before us. The warrant does not name the persons to be arrested, the place to be searched, or the items to be seized.[1] However, the warrant incorporates the affidavit by reference, and the affidavit specifically identifies the place to be searched, the property to be seized, and the persons to be arrested.[2] The

Anita O'Rourke, Assistant District Attorney, Thomas L. Bridges, District Attorney, Sinton, for Appellant.

Michael E. McClelland, Corpus Christi, for Appellee.

1. The warrant states, in relevant part, as follows:

WHEREAS, the affiant whose name appears on the affidavit made the bases [sic] hereof did this day subscribe and swear to said affidavit before me (which said affidavit is here now made the bases [sic] hereof for all purposes), and WHEREAS I find that the facts stated by affiant in said affidavit shows that affiant has probable cause of the belief he expresses herein and established existence of proper grounds for issuance of this warrant;

NOW, THEREFORE, you are commanded to enter the suspected place, vehicles, and premises described in said affidavit and to there search for the property described in said affidavit and to seize same and bring it before me; and to arrest and bring before me each suspected party named in said affidavit.

2. The affidavit states, in relevant part, as follows:

1. There is in San Patricio County, Texas a suspected place and premises described and

located as follows: Within the City limits of Aransas Pass, San Patricio County there is a multi[-]family dwelling (apartment complex) namely, Royal Oaks Apartments. Physical address being 420 W. Cleveland Blvd. The complex is on the northwest corner of Cleveland Blvd. and N. McCampbell. The complex is painted light brown in color with green doors. Suspected place is the third room from Cleveland Blvd. upstairs and is designated as Room # 209. The numbers # 209 are visible in the entrance of the room....

2. Said suspected place is in charge of and controlled by each of the following named parties (hereafter called "suspected party," whether one or more), to wit: W/F named Debbie Head, nickname White Debbie, W/M Jimmy Head and others found inside or in control of suspected place or found to be engaging in illegal activities set out herein.

3. It is the belief of affiant, and he hereby charges and accuses that said suspected party

affidavit was not presented to the appellee when the warrant was served. The return and inventory shows that the warrant was served on "Deborah Faye Young" and that "a quantity of Heroin [and] narcotic paraphernalia" were seized.

The State contends that the warrant is sufficient because it incorporates the affidavit. The State also contends that the execution of the warrant without the affidavit attached satisfies Texas statutory requirements because the purpose of the affidavit is not to give it to the person who is being searched, but for "particularity" to limit the search. Thus, the State argues, absent some showing of prejudice or harm, the search was not invalid.

Appellee contends that the warrant is invalid because it does not describe the person to be arrested, the place to be searched or the items to be seized as required by the Fourth Amendment to the U.S. Constitution, Article I, Section 9 of the Texas Constitution, and the Texas Code of Criminal Procedure. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX.CODE CRIM. PROC. ANN. arts. 1.06, 18.04 (Vernon 1977). Appellee argues that the concept of incorporation by reference was never intended to allow an affidavit to become a substitute for a valid search warrant. Appellee contends that the sufficiency of the affidavit was not contested at the pre-trial hearing because the affidavit was not physically present during the search.

Appellee relies on *United States v. Nelson,* 36 F.3d 758 (8th Cir.1994), to support her position. We find appellee's reliance on *Nelson* to be misplaced. The affidavit in the *Nelson* case was not incorporated by reference in the warrant. According to the *Nelson* court, "The traditional rule is that, failing an incorporation by reference, the generality

of a warrant cannot be cured by the specificity of the affidavit which supports it." *Id.* at 760. Unlike the affidavit in *Nelson,* the affidavit in the instant case is incorporated by reference in the warrant.

▉ When we review a trial court's ruling on a motion to suppress evidence, we are not at liberty to disturb any finding which is supported by the record. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980). The appellate court should not engage in its own factual review but should decide whether the trial judge's fact findings are supported by the record. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress. *Id.* A trial court's ruling on a motion to suppress will not be set aside absent a showing of abuse of discretion. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985).

▉ When a defendant seeks to suppress evidence on Fourth Amendment grounds, the burden of proof is initially on the defendant. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim. App.1986). "As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State." *Id.*

▉ A valid search warrant must sufficiently identify "as near as may be" the person, place or thing to be searched. TEX. CONST. art. I, § 9; TEX.CODE CRIM. PROC. ANN. arts. 1.06, 18.04 (Vernon 1977). However, it is well-settled law in Texas that a description contained in an affidavit limits and controls the description contained in the warrant. *Rios v. State,* 901 S.W.2d 704, 706

---

has possession of and is concealing at said suspected place in violation of the laws of the State of Texas the following: Heroin[.]
4. It is the belief of affiant, and he hereby charges and accuses, that: on or about the 20th day of June 1995 Debbie A.K.A. White Debbie and Jimmy Head did then and there intentionally and knowingly, possess controlled substance to wit: Heroin, listed in Penalty Group One of the Texas Penal Code.... 
5. Affiant has probable cause for said belief by reason of the following facts, to wit: On

June 20th 1995 affiant received information from a reliable Confidential Informant that suspected parties were in control of and selling Heroin from suspected place. C.I. advised C.I. had been at suspected place and was offered Heroin from suspected party Debbie Head. C.I. has used Heroin in the past and is familiar with it. C.I. is reliable and has provided information to affiant in the past that has proven to be true and correct....

(Tex.App.—San Antonio 1995, no pet.); *see also Faulkner v. State,* 537 S.W.2d 742 (Tex. Crim.App.1976) (holding that affidavit incorporated by reference and stapled to warrant could be used to aid description found in warrant).

█ The Texas Code of Criminal Procedure provides that no evidence obtained in violation of the Constitution or laws of the United States or the State of Texas will be admitted in a criminal case, except for evidence obtained by an officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause. TEX.CODE.CRIM. PROC. ANN. art. 38.23 (Vernon Supp.1996). This is a codification of the United States Supreme Court's holding in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), which states, "the exclusionary rule is designed to deter police misconduct rather than to punish errors of judges and magistrates." *Rios,* 901 S.W.2d at 707 (citing *Leon,* 468 U.S. at 916, 104 S.Ct. at 3417).

█ The Court of Criminal Appeals has consistently held that ministerial violations of the search warrant statutes do not vitiate a search warrant in the absence of a showing of prejudice. *Robles v. State,* 711 S.W.2d 752, 753 (Tex.App.—San Antonio 1986, pet. ref'd) (holding that failure of police to deliver copy of search warrant and itemized copy of return to defendant, in absence of showing of injury, reveals no error) (citations omitted).

> To do otherwise would defeat the purpose behind the warrant requirement, and provide protection for those to whom the issue on appeal is not one based upon the substantive issue of probable cause but of technical default by the State.

*Green v. State,* 799 S.W.2d 756, 757–58 (Tex. Crim.App.1990).

Two other courts of appeals have addressed the very issue involved in this appeal. In *Gonzales v. State,* 743 S.W.2d 718, 719 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd), the appellant contended that the trial court had erred by failing to suppress evidence seized with a search warrant that did not contain the place to be searched or

the items to be seized. The appellant argued that the search was a warrantless search since the warrant, which incorporated by reference an affidavit, did not contain the requirements of TEX.CODE CRIM. PROC. ANN. art. 18.04. *Id.* The 14th Court of Appeals held that absent some showing of prejudice or harm, the failure to provide a copy of the affidavit did not render the search invalid. *Id.* at 720. The court stated:

> At the hearing on the motion to suppress, the prosecutor stipulated that "at the time of Mr. Gonzales' arrest he was either shown or given a copy of the search warrant which did not have attached to it the affidavit which was submitted for the search warrant." *The evidence does not show, however, that the officers were not in possession of a copy of the affidavit.* (Emphasis added).
>
> TEX.CODE CRIM. PROC. ANN. art. 18.06(b) ... requires that a copy of the *warrant* and a copy of the *written inventory* of the property taken be given to the owner or the person in possession of the place searched. It does not require a copy of the affidavit for the warrant to be provided. (Emphasis in original).

*Id.*

In *Turner v. State,* 886 S.W.2d 859, 864 (Tex.App.—Beaumont 1994, pet. ref'd), the warrant did not contain the place to be searched, the items to be seized, or the person alleged to be in charge of the premises. The appellant argued that in order for the warrant to be valid, the affidavit had to be physically attached to the warrant. *Id.* The 9th Court of Appeals held that because TEX. CODE CRIM. PROC. ANN. art. 18.06(b) only required that the warrant and a written inventory be served upon the owner of the premises to be searched, the failure to physically attach the affidavit to the warrant was not a violation of the search warrant statutes. *Id.* The court stated, "Logically, ... if there is no violation of the search warrant statute, there can be no ministerial violation by the authorities in not providing appellant with a copy of the affidavit in question." *Id.*

After reviewing the record, we find that the affidavit was referenced in the warrant. We conclude that the warrant is sufficient.

We further find that the affidavit was not presented to the appellee when the warrant was served. However, we find no evidence that the affidavit was *not* physically present at the search site, and we find no evidence of prejudice or harm.

Because the Code of Criminal Procedure only requires that the warrant and a written inventory be served upon the owner or the person in possession of the place to be searched, and because there was no showing of prejudice or harm, we hold that the failure of law enforcement officers to provide appellee with a copy of the affidavit referenced in the warrant did not render the search invalid.

We hold that the trial court abused its discretion by granting appellee's motion to suppress. We sustain the State's sole point of error.

The order of the trial court granting appellee's motion to suppress is REVERSED and the case is REMANDED to the trial court for further proceedings.