

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00076-CR

**CHRISTOPHER LOCKHART,**

                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                    **Appellee**

---

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 31198

---

## MEMORANDUM  OPINION

---

Christopher Lockhart pleaded guilty to possessing between one and four grams of methamphetamine in a drug free zone, and pursuant to the parties' plea agreement, the court sentenced him to twenty years' imprisonment.  In his sole issue, he challenges the denial of his motion to suppress, in which he contested the validity of a search warrant.  We will affirm.

Lockhart contends that the search warrant is invalid because a copy of the supporting affidavit was not attached to the copy of the warrant given to him.

A search warrant must be supported by "[a] sworn affidavit setting forth substantial facts establishing probable cause." Act of May 10, 1999, 76th Leg., R.S., ch. 167, § 1, 1999 Tex. Gen. Laws 637, 637 (amended 2007) (current version at TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (Vernon Supp. 2009)). When the search warrant is executed, "the officer executing the warrant shall present a copy of the warrant to the owner of the place." TEX. CODE CRIM. PROC. ANN. art. 18.06(b) (Vernon 2005).

The testimony at the suppression hearing established that the justice of the peace who issued the warrant signed three copies. Deputy Stan Farmer signed two (or maybe three)[1] copies of the supporting affidavit in the presence of the JP, and the JP acknowledged them. When the warrant was executed, the officers gave Lockhart a copy of the search warrant, but not the supporting affidavit, and a copy of the inventory of contraband seized.

The search warrant incorporates Farmer's affidavit by reference, but the warrant standing alone contains no specific information regarding the premises to be searched or the item(s) to be seized. *See id.* art. 18.04(2) (Vernon 2005) (search warrant must "identify, as near as may be, that which is to be seized and name or describe, as near as may be, the person, place, or thing to be searched").

Lockhart concedes in his brief that the affidavit "supported" the JP's probable cause determination when she issued the warrant. He argues, however, that the subsequent separation of the affidavit from the search warrant (or the signing of a copy

---

[1] Deputy Farmer testified that the JP "may have signed" only two copies of the affidavit because the sheriff's department doesn't always provide a copy of the affidavit to the owner of the place being searched.

of the search warrant without an affidavit attached)[2] "amounts to destruction of the incorporated document and compromised the validity of the entire warrant." We disagree.

Article 18.06 governs the execution of a search warrant. *See* TEX. CODE CRIM. PROC. ANN. art. 18.06 (Vernon 2005). This statute requires the officer executing the warrant to provide the owner of the premises or an occupant with a copy of the warrant and a copy of the inventory of property taken from the premises. *Id.* 18.06(b). The statute does not require the officer to provide the owner/occupant with a copy of the supporting affidavit. *See Ashcraft v. State*, 934 S.W.2d 727, 735 (Tex. App.—Corpus Christi 1996, pet. ref'd); *Gonzales v. State*, 743 S.W.2d 718, 720 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd).

Unless Lockhart can show prejudice or harm from the failure to provide him a copy of the affidavit, such failure will not invalidate the search. *Id.* Lockhart has not made this showing. Accordingly, we overrule his sole issue and affirm the judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed January 13, 2010
Do not publish
[CRPM]

---

[2] From Deputy Farmer's testimony, it is unclear whether the copy of the search warrant provided to Lockhart ever had a probable cause affidavit attached to it.