IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00076-CR

 

Christopher Lockhart,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 31198

 



MEMORANDUM  Opinion



 








            Christopher Lockhart pleaded
guilty to possessing between one and four grams of methamphetamine in a drug
free zone, and pursuant to the parties’ plea agreement, the court sentenced him
to twenty years’ imprisonment.  In his sole issue, he challenges the denial of
his motion to suppress, in which he contested the validity of a search
warrant.  We will affirm.

            Lockhart contends that the
search warrant is invalid because a copy of the supporting affidavit was not
attached to the copy of the warrant given to him.

            A search warrant must be supported
by “[a] sworn affidavit setting forth substantial facts establishing probable
cause.”  Act of May 10, 1999, 76th Leg., R.S., ch. 167, § 1, 1999 Tex. Gen.
Laws 637, 637 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp. 2009)). 
When the search warrant is executed, “the officer executing the warrant shall
present a copy of the warrant to the owner of the place.”  Tex. Code Crim. Proc. Ann. art.
18.06(b) (Vernon 2005).

            The testimony at the
suppression hearing established that the justice of the peace who issued the
warrant signed three copies.  Deputy Stan Farmer signed two (or maybe three)[1]
copies of the supporting affidavit in the presence of the JP, and the JP
acknowledged them.  When the warrant was executed, the officers gave Lockhart a
copy of the search warrant, but not the supporting affidavit, and a copy of the
inventory of contraband seized.

            The search warrant incorporates
Farmer’s affidavit by reference, but the warrant standing alone contains no specific
information regarding the premises to be searched or the item(s) to be seized. 
See id. art. 18.04(2) (Vernon 2005) (search warrant must “identify, as
near as may be, that which is to be seized and name or describe, as near as may
be, the person, place, or thing to be searched”).

            Lockhart concedes in his
brief that the affidavit “supported” the JP’s probable cause determination when
she issued the warrant.  He argues, however, that the subsequent separation of
the affidavit from the search warrant (or the signing of a copy of the search
warrant without an affidavit attached)[2]
“amounts to destruction of the incorporated document and compromised the
validity of the entire warrant.”  We disagree.

            Article 18.06 governs the execution
of a search warrant.  See Tex.
Code Crim. Proc. Ann. art. 18.06 (Vernon 2005).  This statute requires
the officer executing the warrant to provide the owner of the premises or an
occupant with a copy of the warrant and a copy of the inventory of property
taken from the premises.  Id. 18.06(b).  The statute does not require
the officer to provide the owner/occupant with a copy of the supporting
affidavit.  See Ashcraft v. State, 934 S.W.2d 727, 735 (Tex.
App.—Corpus Christi 1996, pet. ref’d); Gonzales v. State, 743 S.W.2d 718,
720 (Tex. App.—Houston [14th Dist.] 1987, pet. ref’d).

Unless Lockhart can show prejudice or
harm from the failure to provide him a copy of the affidavit, such failure will
not invalidate the search.  Id.  Lockhart has not made this showing. 
Accordingly, we overrule his sole issue and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed January 13, 2010

Do not publish

[CRPM]









[1]
              Deputy Farmer
testified that the JP “may have signed” only two copies of the affidavit
because the sheriff’s department doesn’t always provide a copy of the affidavit
to the owner of the place being searched.





[2]
              From Deputy Farmer’s
testimony, it is unclear whether the copy of the search warrant provided to
Lockhart ever had a probable cause affidavit attached to it.